**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Malia ARCIERO, Defendant-Appellant.**

No. 15-10479

United States Court of Appeals, Ninth Circuit.

Submitted February 24, 2017 * Honolulu, Hawaii

Filed March 03, 2017

Thomas C. Muehleck, Assistant U.S. Attorney, DOJ—Office of the US Attorney, Honolulu, HI, for Plaintiff-Appellee

Thomas Mineo Otake, Honolulu, HI, for Defendant-Appellant

Before: KOZINSKI, HAWKINS and BEA, Circuit Judges.

**MEMORANDUM ***

1. A court may consider prejudice to the government when determining whether to sever a joint trial. Fed. R. Crim. P. 14(a) ("If the joinder of ... defendants ... appears to prejudice a defendant or the government, the court may ... sever the defendants' trials...."). The court did not abuse its discretion in severing the trials so that defendants' mutually inculpatory statements could be admitted while avoiding a Confrontation Clause problem. See Bruton v. United States, 391 U.S. 123, 126, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

2. The special conditions of Arciero's supervised release are not plainly erroneous. See Fed. R. Crim. P. 52(b). When imposing the sentence, the court properly considered Arciero's mental health history and drug and alcohol abuse. See United States v. Sales, 476 F.3d 732, 735–36 (9th Cir. 2007). Special condition number 2 is mandatory; it delegates to the probation office's discretion only the details of mental health treatment. We have approved this practice. See United States v. Stephens, 424 F.3d 876, 880–84 (9th Cir. 2005). Special condition number 4 is nei-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ther vague nor overbroad, and it is reasonably related to rehabilitative goals. See United States v. Goddard, 537 F.3d 1087, 1089 (9th Cir. 2008) (citing 18 U.S.C. §§ 3583(d), 3553(a)).

**AFFIRMED.**

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.